892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tommie G. PATTERSON, Plaintiff-Appellant,
v.
MUNICIPALITY OF ANCHORAGE; Steinmetz, Officer; Reagn,
Officer; BILL CASTRO, Officer; Grimes, Officer; Walter
Stein, Officer; Polar, Officer; Carter, Officer; B.J.,
Officer; Robert Netty, Officer; Bumdy, District Attorney;
Common Guititerious; John Selini; Mac Wilberton;
Zanhyzer, Attorney; R. J. Moody, Judge; Elaine Andrews,
Judge; J. Seimoor, Defendants-Appellees.
 No. 88-3879.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989.*
Decided Dec. 13, 1989.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff claimed in a previous action filed in the state of Alaska that defendants unlawfully entered his residence. Patterson v. Municipality of Anchorage, No. 3AN-80-7935 (Alaska Dist.Ct. filed Nov. 19, 1980). The Alaska court dismissed his action with prejudice for failure to prosecute. Id. (dismissal order Mar. 7, 1984). Therefore, the district court properly dismissed paragraphs V, VI, VII and X of the Second Amended Complaint on grounds of res judicata. Dismissal with prejudice is permitted under Alaska law. Zeller v. Poor, 577 P.2d 695, 697 (Alaska 1978). "[A] federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).
 
 
 3
 The district court properly dismissed paragraph VIII. Plaintiff's allegation that defendant Polar accused plaintiff of being a "dope dealer," thus causing him "psychological and mental abuse," did not amount to a deprivation of liberty or property, and therefore was not a violation of 42 U.S.C. § 1983 (1982). See Paul v. Davis, 424 U.S. 693, 711-12 (1976); Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986).
 
 
 4
 Because plaintiff failed to offer any evidence in support of his allegations against defendant Casto, he failed to raise a material issue of fact. The district court therefore properly granted summary judgment on paragraph IX of the complaint. Fed.R.Civ.P. 56(c).
 
 
 5
 Municipalities cannot be held liable under 42 U.S.C. § 1983 under a theory of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Municipal liability under section 1983 attaches only where the official or officials responsible for establishing municipal policies make a deliberate choice to follow the course of action in question. Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986). Municipal liability for failure to train exists "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact." City of Canton v. Harris, 109 S.Ct. 1197, 1204 (1989). The district court therefore properly granted judgment on the pleadings as to paragraphs XIII, XIV and XV of the complaint.
 
 
 6
 Affirmed.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3